96486-12

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

KATERINE GARCIA,

    Plaintiff,

v.

COSTCO WHOLESALE
CORPORATION,
a Foreign Profit Corporation,

    Defendant.

_____/

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, Costco Wholesale Corporation (hereinafter, "Costco"), hereby removes the above-styled action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida on the basis of diversity jurisdiction. In support of removal, Costco states as follows:

**A.**     **Factual Background**

    1.     Costco is the sole Defendant in a civil action brought against it in the Eleventh Judicial Circuit for Miami-Dade County, Florida, styled *Katerine Garcia vs. Costco Wholesale Corporation, a Foreign Profit Corporation*, Case No. 2020-008951-CA-01. A true and correct copy of all process and pleadings served upon Costco are attached hereto as Composite Exhibit "A" in compliance with 28 U.S.C. § 1447(b).

    2.     This action involves Plaintiff, Katerine Garcia's (hereinafter, "Plaintiff") alleged personal injuries sustained as a result of an alleged incident at the Costco Warehouse located at

7795 West Flagler Street, Miami, FL 33144 on August 25, 2019. *See generally* Plaintiff's Complaint, attached hereto as part of Composite Exhibit "A."

3. On May 29, 2020, Plaintiff effectuated service of process on Costco. *See* Affidavit of Service of Process, dated May 29, 2020, attached hereto as part of Composite Exhibit "A."

**B.  Diversity Jurisdiction Exists**

4. Costco is a Washington corporation with its principal place of business located in Issaquah, Washington. *See* Fla. Division of Corporations 2019 Annual Report, attached hereto as Exhibit "B."

5. The Complaint fails to allege and aver the citizenship of Plaintiff. Because the parties' citizenship is not usually stated in a state court complaint, a defendant seeking to remove on the basis of diversity is allowed to show facts regarding citizenship in its petition for removal. *Wright v. Cont'l Cas. Co.*, 456 F. Supp. 1075, 1077 (M.D. Fla. 1978). "The Court makes its determination as to a party's domicile by reviewing several types of evidence, including but not limited to, the party's affidavit, deposition testimony, driver's license, tax returns, banking statements, voter registration, *medical records*, utility phone bills, employment records, vehicle registration . . . location of real property and place of employment." *Estate of Cochran ex rel. Pevarnek v. Marshall*, No. 8:17-cv-1700-T-36TGW2017, WL 5899200, at *2 (M.D. Fla. 2017) (emphasis added). Here, Plaintiff's incident report and medical records list the same Florida home address, which is 3323 SW 23rd Terrace, Miami, FL 33145, and demonstrate she received medical treatment in Florida. Additionally, Plaintiff indicated in her incident report that she is employed by a Florida supermarket. Therefore, upon information and belief, Plaintiff is a citizen of the state of Florida. Furthermore, Costco has no reason to believe that Plaintiff is a citizen of

Washington. A copy of the incident report and exemplar medical records, in redacted form, are attached as Exhibit "C."

6. The amount in controversy in this case exceeds $75,000.00. Although the Complaint sets forth the minimal jurisdictional allegations necessary to invoke the jurisdiction of the state circuit court, Plaintiff issued a presuit demand for $175,000.00 in damages, which demonstrates that the amount in controversy exceeds the amount necessary to invoke the jurisdiction of the District Court. *See* Plaintiff's Demand Letter, dated December 13, 2019, attached hereto as Exhibit "D". Therefore, Costco has met its burden in establishing the amount in controversy requirement. *See Archer v. Kelly*, 271 F. Supp. 2d 1320, 1322 (N.D. Okla. 2003) (holding the plaintiff's demand letter alleging damages of $1,325,000 was sufficient to establish that plaintiff's claim exceeded amount in controversy requirement necessary to exercise diversity jurisdiction); *Molina v. Wal-Mart Stores Tx.*, 535 F. Supp. 2d 805, 806 (W.D. Tex. 2008) (holding customer's pre-suit demand letter alleging damages of $100,000, was sufficient to establish an amount in controversy exceeding $75,000); *see also Scott v. Home Depot U.S.A., Inc.*, No. 11-62426-CIV, 2012 WL 86986, *2 (S.D. Fla. 2012) (stating "a defendant may introduce its own affidavits, declarations or other documentation" to meet its burden to show that the amount in controversy exceeds $75,000).

7. Accordingly, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interests and costs and the action is between the Plaintiff, who is a citizen of Florida, and Costco, who is a citizen of Washington. *See Woolard v. Heyer-Schulte*, 791 F. Supp. 294 (S.D. Fla. 1992) (stating defendant seeking to remove action on diversity grounds can supply the elements required to establish diversity jurisdiction in its removal papers if the complaint, on its face, lacks the necessary

jurisdictional allegations). Removal to this Court is therefore proper pursuant to 28 U.S.C. § 1441 given this Court's diversity jurisdiction. *See* 28 U.S.C. §§ 1332, 1441(a).

8. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Costco's rights to assert any defenses or affirmative claims, including a counterclaim.

**C.** **Procedural Compliance**

9. Costco filed this Notice of Removal within thirty (30) days after being served with Plaintiff's Complaint on May 29, 2020. Accordingly, this Notice of Removal is timely filed. *See* 28 U.S.C. § 1446(b). No further state court proceedings in this litigation have taken place as of the date of this Notice of Removal.

10. Venue is proper in the United States District Court for the Southern District of Florida because the case is being removed from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

11. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders filed in this matter in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, that were served upon Costco are attached as Composite Exhibit "A."

12. In accordance with 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal, Costco has served Plaintiff with a copy of this Notice of Removal and has filed a Notice of Filing of Notice of Removal with the Clerk of the Court for the Eleventh Judicial Circuit in Miami-Dade County, Florida. A copy of the Notice of Filing Notice of Removal (without attachments) is attached hereto as Exhibit "E."

WHEREFORE, Defendant, Costco Wholesale Corporation, respectfully requests that the above action now pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-

Dade County, Florida be removed therefrom to this Honorable Court because the citizenship of the parties is diverse and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00).

Dated:  6/18/2020

                        Respectfully submitted,

                                  */s/ Jaime J. Baca*
                                  Jaime J. Baca, Esquire
                                  Florida Bar No. 113859
                                  jbaca@wickersmith.com
                                  WICKER SMITH O'HARA MCCOY & FORD, P.A.
                                  Attorneys for Costco Wholesale Corporation
                                  2800 Ponce de Leon Boulevard, Suite 800
                                  Coral Gables, FL  33134
                                  Phone: (305) 448-3939
                                  Fax: (305) 441-174
                                  miacrtpleadings@wickersmith.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on June 18, 2020, and the foregoing document is being served this day on all counsel or parties of records on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received Notices of Electronic Filing.

*/s/ Jaime J. Baca*
Jaime J. Baca, Esquire

## SERVICE LIST

Law Offices of Suarez & Associates
Andres Montero, Esquire
351 NW LeJeune Road
Suite 202
Miami, FL 33126
amontero@suarezmontero.com
pleadings@suarezmontero.com